**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARMAINE TONEY-ADKINS, on behalf of herself and all others similarly situated, | ) ) ) ) | **Case No:** |
| Plaintiff, | ) ) | |
| v. | ) ) | **CLASS ACTION COMPLAINT** |
| PIONEER CREDIT RECOVERY, INC. | ) ) | |
| Defendant. | ) | **JURY DEMAND** |

## NATURE OF ACTION

1.  Plaintiff CHARMAINE TONEY-ADKINS ("Plaintiff") brings this action against Defendant PIONEER CREDIT RECOVERY, INC. ("Defendant") under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., on behalf of all persons similarly situated in the continental United States.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4.  "Congress enacted the FDCPA ¬to eliminate abusive debt collection practices by debt collectors." *Russell v. Absolute Collection Servs., Inc.,* 763 F.3d 385, 388 (4th Cir. 2014) (quoting 15 U.S.C. § 1692(e)).

5.  "To effectuate this purpose, the FDCPA regulates interactions between consumers and debt collectors by imposing affirmative statutory obligations upon debt collectors and proscribing certain abusive conduct." *Id.* at 388-89.

6. The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

7. Specifically, the FDCPA prohibits the false representation of the "amount" of any debt, 15 U.S.C. § 1692e(2)(A); and the use of "any false representation," 15 U.S.C. § 1692e(10).

8. Further, under the FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. §1692f.

## PARTIES

9. Plaintiff Charmaine Toney-Adkins ("Plaintiff" or "Charmaine") is a natural person who at all relevant times resided in the State of Illinois.

10. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

11. Plaintiff incurred a debt relating to an educational purpose (hereinafter the "Debt").

12. The collection of student debt is covered by the FDCPA. *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808 (7th Cir. 2016).

13. The Debt qualifies as a "debt" as that term is defined by in 15 U.S.C. § 1692a(5).

14. Defendant Pioneer Credit Recovery, Inc. ("Defendant" or "Pioneer") is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

15. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collecting debts from consumers.

16. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

17. In April 2019, Plaintiff received a Notice of Potential Administrative Wage Garnishment Process from Defendant ("Notice").

18. In the Notice, Defendant represented that the amount owed included $3,278.62 in collection charges ("Collection Charges").

19. Upon information and belief, the Collection Charges represent a contingency fee agreement between Defendant and the Department of Education.

20. At the time Defendant mailed the Notice, Plaintiff did not owe the Collection Charges because Defendant had not yet collected anything from Plaintiff and, therefore, under the contingency agreement, was not entitled to any Collection Charge.

21. By including the Collection Charges in the Notice, Defendant falsely represented the amount that Plaintiff actually owed.

22. By including the Collection Charges in a Notice of Potential Administrative Wage Garnishment, Defendant falsely represented that wage garnishment was imminent unless Plaintiff paid the entire amount, including the Collection Charges.

23. By including the Collection Charges on a Notice of Potential Wage Garnishment, Defendant false represented the amount owed and violated the FDCPA.

## CLASS ACTION ALLEGATIONS

24. Plaintiff repeats and re-alleges all paragraphs above.

25. Plaintiff brings this action on behalf of herself and others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

    a.  All consumers in the United States;

    b.  Who received a notice or letter from Defendant; and

      c.   That notice or letter included Collection Charges

26. The class is averred to be so numerous that joinder of members is impracticable.

27. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

28. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

29. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violation of the FDCPA; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

30. The claims of Plaintiff are typical of those of the class she seeks to represent.

31. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of the class members would require proof of the same material and substantive facts.

32. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

33. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of the class.

34. Plaintiff is willing and prepared to serve this Court and the proposed class.

35. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

36. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

37. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

38. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

39. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

40. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

41. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class

members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I -  VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

42. Plaintiff repeats and re-alleges each and every factual allegation above.

43. Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the amount owed.

44. Defendant violated 15 U.S.C. § 1692e(5) by making false representation during the collection, or attempted collection, of a debt.

45. Defendant's actions were generally false and misleading, and violated 15 U.S.C. § 1692e.

46. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a. Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

    b. Adjudging that Defendant violated the Fair Debt Collection Practices Act;

    c. Awarding Plaintiff, and all others similarly situated, statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(B);

    d. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3) or Rule 23;

    e. Awarding Plaintiff, and all others similarly situated, prejudgment and post-judgment interest as permissible by law; and

f.   Awarding such other and further relief as the Court may deem just and proper.

Respectfully submitted,

By:_____\*\*\* DRAFT \*\*\*_____

## **JURY DEMAND**

Plaintiff demands trial by jury.

## **DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demand that Defendant takes affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendant.